## IN THE UNITED STATES BANKRUPTCY COURT OF THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: REGINALD G. WARNER, II | : | |
| Debtor | : | Chapter 7 |
| Plaintiff | : | Case Number: 2013-14194- mdc |
| v. | : | Adversary No: _____ |
| UNIVERSITY OF PENNSYLVANIA | : | |
| Respondent Defendant. | | |

### ADVERSARY PROCEEDING TO DISCHARGE STUDENT LOAN OBLIGATIONS

**AND NOW** comes Reginald G. Warner, Debtor, by and through his attorney and in support of his Adversary Proceeding avers the following:

### PARTIES

1. Plaintiff, Reginald Warner, Debtor in the instant Chapter 7 proceeding and in this adversary proceeding declares that his loan and account does not constitute and educational loan and should be discharged. In the alternative, the Debtor seeks a declaration that his debts present an undue hardship and should be discharged per 523(a)(8).

2. The Defendant is a non-profit institution of higher learning.

## JURISDICTION AND VENUE

3. Subject matter jurisdiction is vested in this Court to 28 USC §§ 1554,157 and 1334 and it is a core proceeding. Debtor is seeking relief pursuant 11USC § 523(a)(8).

4. Venue of this adversary proceeding is proper pursuant to 28 USC §1409(a) in that this proceeding arises in and relates to bankruptcy case opened and discharged in this district.

## FACTS

1. The Debtor commenced the underlying voluntary individual Chapter 7 bankruptcy case filed on February 15, 2013. Discharge was granted on August 26, 2013.

2. Defendant University of Pennsylvania (hereinafter "Penn") is a non-profit corporation and an institution of higher education with a principal place of business at 3451 Walnut Street, Philadelphia, Pennsylvania. Penn is represented by J. Scott Watson, Esq.

3. Debtor listed among his debts an account with Penn and a debt to "Nellie Mae". Both debts were listed as unsecured in his Schedules.

4. Debtor was a student at Penn during all times relevant to the commencement of the debts. The loan and account were incurred to pay expenses at Penn.

5. The debts at issue do not fit the meaning of 11 U.S.C. § 523 (a)(8).

6. Penn has no standing to attempt collection on the Nellie Mae debt which is neither guaranteed federally nor provided by a non-profit. Penn's debt is not a

student loan pursuant to the IRS Code and/or the Bankruptcy Code. Penn did not transfer funds or create a formal agreement specifying repayment terms for a debt before Debtor was enrolled at Penn.

7. On December 22, 2008 Penn filed a complaint in the Court of Common Pleas Philadelphia County December Term 2008 No. 4427 to collect from the Debtor and obtained a Judgment. The debts were included in Debtor's Chapter 7 bankruptcy filing. Defendant has with malice withheld the Debtor's transcript making it hard for Debtor to obtain employment.

## DECLARATION THAT THE LOAN IS NOT A EDUCATIONAL LOAN

8. The Debtor averments one through seven are repeated as stated if fully set forth herein.

9. Section 523(a)(8) of the Bankruptcy Code states that an "educational" loan that is a qualified educational is defined by reference to section221 (d)(1) of the IRS Code and 11 USC § 523(a)(8). The loan to Debtor made by Penn is not an educational loan within the meaning of section 523(a)(8) of the Bankruptcy Code.

10. The Penn debt is referred to as an account by Penn. The terms of the account are not stated as to make it compliant with an educational loan that would not be dischargeable. (Exhibit A)

11. Penn does not have standing to act in the stead of Nellie Mae. Since 1999 Nellie Mae has not existed. (Exhibit B)

12. Penn has not presented any document of assignment to collect for the loan. No document has been presented by Penn showing ownership of the loan.

**HARDSHIP**

13. The Debtor averments one through nine are repeated as stated if fully set forth herein.

14. The Debtor cannot maintain, based on his current income and expenses, a minimal standard of living and repay his student loans;

15. His state of affairs is likely to persist for a significant portion of the repayment period of the student loans;

16. The Debtor has made good faith efforts to repay the loans; Debtor is currently a student with limited income.

   WHEREFORE, the Debtor demands judgment:
   a. Declaring that Penn loan to Debtor is not and educational loan and therefore discharged under Chapter 7 discharge section 727
   b. Penn has no standing with regard to Nellie Mae
   c. Nellie Mae no longer exist
   d. Nellie Mae debt is not an educational loan and therefore discharged under Chapter 7 discharge section 727 and
   e. For any other relief deemed appropriate by the Court.

By: ___/s/___
Bernardette Perkins, Esquire
Date: April 17, 2016
**The Perkins Law Group, P.C.**
Centre Square East 12th Floor
Philadelphia, PA 19102-2100
(215) 665-5740

# EXHIBIT A

04/18/08 FRI 11:01 FAX 630 203 2796          ACS INC                                    ☒003

# UNIVERSITY OF PENNSYLVANIA
## RECEIVABLES REPAYMENT SCHEDULE AND JUDGMENT NOTE

**TOTAL DUE: $ 15,547.56**                                    **DATE: April 18, 2008**

I/We agree to pay the total amount due, $ 15,547.56 plus interest at the rate of six percent per year, pursuant to the repayment schedule attached hereto as exhibit A.

I/We agree to meet this repayment schedule and understand that in the event of a default of the repayment schedule, I/we do hereby authorize and empower any attorney of the Court of Record of Pennsylvania or elsewhere to appear for and to enter judgment against me/us in favor of any holder of this note for the above sum with costs of suit, release of errors, without stay of execution, and with 15 percent added as a reasonable attorneys fee, and I/we hereby release all benefit and relief from any and all appraisement, stay or exemption laws of any state now in force or hereafter to be passed.

In the event of a default hereunder the University shall have the right to declare the full amount of tuition and other charges immediately due and payable, and to report my delinquency to a credit bureau(s).

I/We do hereby authorize the University of Pennsylvania under their guidelines and procedures to enforce all their non-payment policies. This includes placing a student on Financial Hold and transferring the account to Collections when necessary. It may also include placing the account with an outside agency or attorney for collection. The University may withhold transcripts, registration material, grades, graduation or any other services until all balances are fully paid. Should the University choose to waive any of their rights and allow the student to receive any or all University services (not limited to the above mentioned), it will not waive the University's rights to withhold these services upon the event of a future default.

I/We further certify that the information noted below is true and accurate and acknowledge my/our obligation to notify the Office of Collections or Student Financial Services Counseling Office of any changes.

Reginald O. Warner
STUDENT NAME (PRINT)          STUDENT I.D. (S.S.N.)                    DATE OF BIRTH

✓ x 4853 Truesdale Av, Balt, Md 21206
PERMANENT STREET ADDRESS, CITY, STATE AND ZIP CODE                      PHONE NO.

✓ x 4833 Truesdale Av, Balt, MD 21206
BILLING STREET ADDRESS, CITY, STATE AND ZIP CODE                        PHONE NO.

✓ x rwarnerii@hotmail.com
E-MAIL ADDRESS

✓ x [signature]                  4-18-08
SIGNATURE OF STUDENT (SEAL)      DATE                                   WITNESS

_____
NAME OF ENDORSER                              ADDRESS OF ENDORSER

_____
SIGNATURE OF ENDORSER (SEAL) AND RELATIONSHIP TO STUDENT

# EXHIBIT B

# AFFIDAVIT

COMMONWEALTH OF PENNSYLVANIA :
COUNTY OF PHILADELPHIA           :

BEFORE ME, the undersigned authority, on this day personally appeared JO DELANEY of the University of Pennsylvania, who hereby first duly sworn on an oath deposes and says that the Defendant named in the foregoing suit, _Reginal G Warner_, is indebted to the University of Pennsylvania for items and/or services as follows:

Description: _Nellie Mae (includes Cap. int. of 2,859.76)_

| | |
|---|---|
| TOTAL CHARGES and/or ORIGINAL PRINCIPAL BALANCE | $ 5485.76 |
| ACCRUED INTEREST (if applicable) through _____ | + 207.97 |
| LATE FEES/CHARGES (if applicable) | + _____ |
| PENALTY FEES/CHARGES (if applicable) | + _____ |
| COLLECTION CHARGES (if applicable) | + _____ |
| CREDITS and/or PAYMENTS | |
| to Principal | - 0 |
| to Interest | - 10.00 |
| to Late Fees/Charges | - _____ |
| to Penalty Fees/Charges | - _____ |
| to Collection Charges | - _____ |
| to Other | - _____ |
| TOTAL AMOUNT DUE | $ 5693.73 |

That the above account is within the knowledge of said Affiant, just true and accurate, that the same is due and unpaid, and that all lawful and just offsets, payments and credits have been allowed, and that the Affiant is authorized to make this Affidavit in the capacity stated, and that a systematic record of such account has been kept by the University of Pennsylvania.

DATE: _____

_____
JO DELANEY
University of Pennsylvania

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 15th DAY
OF _December_, 2008.

_____
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
LAURA ANN MALONEY, Notary Public
Concord Twp., Delaware County
My Commission Expires April 29, 2010

## CERTIFICATE OF SERVICE

I, Bernardette Perkins, Esquire, counsel for Debtor/Plaintiff, do hereby certify that a true and correct copy of the within Adversary Proceeding has been served this 18th day of April, 2016, by ECF and/or first class mail, upon those listed below:

J. Scott Watson, Esq.
J. Scott Watson, P.C.
24 Regency Plaza
Glen Mills, PA 19342


                    /s/ Bernardette Perkins
                    Bernardette Perkins, Esq.